CIRCUIT COURT FOR WASHINGTON COUNTY, MAY TERM, 1871.

J. H. HOLLISTER RESPONDENT *v.* CHARLES HAGUI, APPELLANT.

COST ON APPEAL.—Where on appeal from a justice's court the respondent obtains a verdict for less than he recovered in a justice's court, the costs on appeal are in the discretion of the court.

THE plaintiff had obtained judgment in a justice's court for $50, for the reasonable value of keeping the defendant's horse. The defendant had set up a special contract and a set-off.

The defendant appealed, and in this court the plaintiff obtained a verdict for $25.

The plaintiff's costs in the justice's court were about $45, and in this court the plaintiff filed a costs bill amounting to $36, besides the costs in the court below.

The defendant moved for a judgment for costs.

*R. E. Bybee,* for the defendant.

There is no special provision in the justice's act, and by section 539 of the practice act, in this class of actions, the defendant is entitled to costs, unless the plaintiff recovers fifty dollars or more.

*W. D. Hare,* for the plaintiff, claimed that actions 539, 540 and 541, apply only to cases commenced in the county or circuit court.

UPTON, J.   *Held,* that this is a case where the judgment appealed from "is modified," within the meaning of the last clause of section 542 of the general practice act, which provides: "But where on appeal to the supreme or *circuit* court a new trial is ordered or a decision given modifying the judgment appealed from, the costs on appeal shall be allowed or not in the discretion of the appellate court."

That, in general, costs follow the judgment when the statute is silent; and when the statute leaves the matter to the discretion of the court, such should be the practice, un-

less there are special reasons for varying the rule. That in this case the defendant had it in his power to avoid all costs by tendering the amount that has been found due; and that this is a sufficient reason for not awarding costs in his favor. But that inasmuch as it is shown that there was some grounds for his appeal, the plaintiff's cost bill should not be allowed in full.

The plaintiff was allowed the costs he recovered in the court below, and $20 of the costs on appeal.